[770 NYS2d 731]

In the Matter of Boris A. Krivonos, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, January 12, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Boris A. Krivonos*, Rego Park, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. He admitted all of the factual allegations contained in the petition and testified on his own behalf at the hearing on the issue of mitigation only. In addition, four character witnesses testified on his behalf and two character letters were introduced into evidence as exhibits. At the conclusion of the hearing, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the petitioner's motion and asks the Court to consider the mitigating factors when imposing discipline.

The charge alleges that the respondent was convicted of a serious crime in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3 [a] [3], [4], [7]):

On April 5, 2002, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to conspiracy to defraud the United States, a felony, in violation of 18 USC § 371. On September 20, 2002, he was sentenced to three years probation with the special conditions that he serve four months home confinement and pay restitution in the amount of $1,100.

Based on the respondent's admissions, the charge was properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the following in mitigation: He has no prior disciplinary history. At the time of the misconduct, he was a solo practitioner with only two or three years' legal experience. He was motivated by compassion for his clients and did not profit from his misconduct. He avers that he is remorseful. He has a wife and three children who depend on him.

The petitioner confirms that the respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Boris A. Krivonos, is suspended from the practice of law for a period of one year, commencing February 13, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Boris A. Krivonos, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.